FILED

FEB 0 2 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

)
)
)
)   CASE NO. 3:26 CV 0266
)   JUDGE _____
)        JUDGE KNEPP
)        MAG JUDGE CLAY
)
)
)
)   COMPLAINT
)

Rebecca Ann Cook

_____

Plaintiff

-VS-

Rhonda Lynn Best; Barbara Ann Dibble;
Jennifer M. McClure; Wilson Alexander
Smith; Erika L. Mackling; Patrick Del Turco;
Heather M. Eigel; Nicholas Cole Noftz;
Timothy Ink; Brandon P. Bell; Gabriel Wedge;
Dave Yost; Lucas Ward; Steve Gibbs;
Mara Kimes Fox

_____

Defendants

PLAINTIFF

**Rebecca-Ann Cook**

Resident of Ohio. Subject to court proceedings, probation supervision, enforcement
actions, and related conduct occurring in Seneca County and the City of Fostoria
between 2024 and January 2026.

DEFENDANTS

**1. JUDGE RHONDA LYNN BEST**

1

Position: Judge,

TIFFIN–FOSTORIA MUNCIPAL COURT

213 SOUTH MAIN STREET

FOSTORIA OHIO 44830

**Jurisdiction Basis**

Jurisdiction exists because Judge Best acted under color of state authority while presiding over Plaintiff's cases in a court that receives public funding and exercises governmental power. Her actions directly affected Plaintiff's liberty, probation status, and access to court proceedings.

**Facts and Dates**

- Presided over Plaintiff's traffic-related cases, including **TRD 240341, TRD 2403704A-B, TRD 2402451, TRD 2403040**
- Entered convictions and probation orders on or about April 8, 2025
- Denied or failed to address Plaintiff's filed motions, affidavits, and notices
- Threatened Plaintiff with contempt and incarceration when Plaintiff attempted to speak during court proceedings
- Continued enforcement despite Plaintiff's objections and filings through 2025–2026

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Deprivation of rights under color of state law

**42 U.S.C. § 1985(3)** – Conspiracy to interfere with civil rights

**42 U.S.C. § 1986** – Failure to prevent known civil-rights violations

**42 U.S.C. § 2000d Title VI** – Discrimination in programs receiving federal financial assistance

**Title 18 U.S.C. §§ 241 & 242**

2

Alleged Conduct:

Denied and dismissed unrebutted affidavits and motions; threatened incarceration for speaking in court; denied jurisdictional challenges; issued orders affecting liberty and property;

## 2. BARBARA DIBBLE

Position: Prosecutor

TIFFIN–FOSTORIA MUNICIPAL COURT

213 SOUTH MAIN STREET

FOSTORIA OHIO 44830

## Jurisdiction Basis

Jurisdiction exists because Dibble acted as a government prosecutor under color of law in proceedings involving public prosecution and court enforcement, affecting Plaintiff's liberty and probation status.

## Facts and Dates

- Prosecuted Plaintiff in traffic-related cases in **2024–2025**
- Participated in proceedings resulting in convictions and probation on **April 8, 2025**
- Proceeded despite Plaintiff's objections to jurisdiction and authority
- Plaintiff possesses audio recordings from court proceedings involving Dibble

## Applicable U.S. Code Sections

**42 U.S.C. § 1983** – Deprivation of rights under color of law

**42 U.S.C. § 1985(3)** – Conspiracy to deprive equal protection

**42 U.S.C. § 1986** – Failure to prevent civil-rights violations

**42 U.S.C. § 2000d Title VI** – Discrimination in federally funded programs

**Title 18 U.S.C. §§ 241 & 242**

Alleged Conduct:

Prosecuted cases allegedly without proof of jurisdiction; testified or stated she represents the city/state rather than constitutional rights; proceeded despite unrebutted affidavits; participated in actions leading to arrest, fines, and probation; Fostoria, Ohio, 2024–2026.

**3. Wilson Alexander Smith**

Position: Court-appointed counsel

441 FRAZEE AVENUE, SUITE B,

BOWLING GREEN OHIO 43402

**Jurisdiction Basis**

Jurisdiction exists because the public defender was appointed by and acted within a government court system affecting Plaintiff's legal representation and participation in court proceedings.

**Facts and Dates**

Assigned to Plaintiff without Plaintiff's consent in 2025

Representation continued despite Plaintiff's objections

Plaintiff alleges representation was imposed involuntarily

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Joint action with state actors affecting civil rights

**42 U.S.C. § 1985(3)** – Participation in conspiracy affecting rights

### 18 U.S.C. § 241 – Conspiracy Against Rights (Alleged)

Wilson Alexander Smith is alleged to have acted in concert with other individuals to interfere with or suppress Plaintiff's exercise of rights secured by the Constitution and laws of the United States

### 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law (Alleged)

Wilson Alexander Smith is alleged to have willfully participated in actions taken under color of law that resulted in the deprivation of Plaintiff's rights, including liberty interests and access to fair process.

### 4. ERICA L. MACKLING

Position: Probation Officer

183 EAST PERRY STREET

TIFFIN OHIO 44830

**Jurisdiction Basis**

Jurisdiction exists because Mackling exercised probation authority granted by the court and state, affecting Plaintiff's liberty and exposing Plaintiff to incarceration.

**Facts and Dates**

- Supervised Plaintiff's probation beginning April 2025
- Filed a motion to revoke probation scheduled for January 27, 2026
- Alleged Plaintiff failed to appear on January 14, 2026, which Plaintiff disputes
- Alleged Plaintiff failed to submit a urine sample

- Appeared at Plaintiff's residence
- Participated in actions that Plaintiff alleges contributed to eviction pressure

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Deprivation of liberty under color of law

**42 U.S.C. § 1985(3)** – Conspiracy to interfere with civil rights

**42 U.S.C. § 1986** – Failure to prevent rights violations

**42 U.S.C. § 2000d Title VI** – Discriminatory enforcement within federally funded probation programs

**Title 18 U.S.C. §§ 241 & 242**

Alleged Conduct:

Filed probation violation alleging failure to appear and failure to provide urine despite Plaintiff being present; sought revocation; participated in eviction-related service; Fostoria/Seneca County, January 2026.

**5. PACTRICK DEL TURCO**

Position: Probation Officer

183 PERRY STREET

TIFFIN, OHIO 44883

**Jurisdiction Basis**

Jurisdiction exists because Stump acted under probation authority issued by the court and state, affecting Plaintiff's housing and probation status.

**Facts and Dates**

- Participated in probation supervision during 2025–2026
- Appeared at Plaintiff's residence
- Assisted in serving or facilitating eviction-related documents on behalf of Plaintiff's landlord
- Actions occurred while Plaintiff was on court-ordered probation

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Misuse of probation authority

**42 U.S.C. § 1985(3)** – Conspiracy with other actors

**42 U.S.C. § 1986** – Failure to prevent civil-rights violations

**42 U.S.C. § 2000d Title VI** – Discrimination in federally funded probation services

**Title 18 U.S.C. §§ 241 & 242**

Alleged Conduct:

Assisted in probation enforcement; participated in serving eviction papers; involvement captured on security cameras; Fostoria, Ohio, 2025–2026.

**6. OFFICER NICHOLAS COLE NOFTZ**

Position: Police Officer, City of Fostoria

213 SOUTH MAIN STREET

FOSTORIA OHIO 44830

**Jurisdiction Basis**

Jurisdiction exists because Knoth acted as a sworn police officer enforcing state and municipal authority and participated in Plaintiff's arrest, prosecution, and testimony.

**Facts and Dates**

- Initiated enforcement actions related to Plaintiff's traffic cases
- Testified against Plaintiff in court proceedings in 2025
- Plaintiff alleges testimony was false
- Participated in arrest and enforcement actions leading to Plaintiff's incarceration

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Unlawful arrest, testimony, and enforcement

**42 U.S.C. § 1985(3)** – Conspiracy to deprive civil rights

**42 U.S.C. § 1986** – Failure to prevent misconduct

**42 U.S.C. § 2000d Title VI** – Discriminatory law-enforcement practices

**Title 18 U.S.C. §§ 241 & 242**

Alleged Conduct:

Arrested and cited Plaintiff; testified in court; alleged false statements; continued enforcement actions; participated in alleged harassment; Fostoria, Ohio, including traffic stops and court testimony, 2024–2025.

**7. OFFICER TIMOTHY INK ALSO REFERRED TO AS TIMOTHY EATON**

Position: Police Officer, City of Fostoria

213 SOUTH MAIN STREET

FOSTORIA OHIO 44830

**Jurisdiction Basis**

Jurisdiction exists because Ink acted as a law enforcement officer under color of law and participated in court testimony and enforcement actions affecting Plaintiff's liberty.

**Facts and Dates**

- Testified against Plaintiff in traffic-related proceedings in 2025
- Plaintiff alleges testimony was false
- Participated in enforcement actions leading to prosecution and probation

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Deprivation of rights through enforcement and testimony

**42 U.S.C. § 1985(3)** – Conspiracy

**42 U.S.C. § 1986** – Failure to prevent rights violations

**42 U.S.C. § 2000d Title VI** – Discrimination in policing

**Title 18 U.S.C. §§ 241 & 242**

Alleged Conduct:

Arrested and cited Plaintiff; testified in court; alleged false statements; participated in enforcement leading to incarceration; Fostoria, Ohio, 2024–2025.

**8. SERGEANT BRANDON BELL**

Position: Police Sergeant, City of Fostoria

213 SOUTH MAIN STREET

FOSTORIA OHIO 44830

## Jurisdiction Basis

Jurisdiction exists because Bell acted in a supervisory law enforcement role under color of law and participated in enforcement actions involving Plaintiff.

## Facts and Dates

- Participated in enforcement and supervision related to Plaintiff's cases
- Testified or was involved in actions leading to Plaintiff's arrest and prosecution
- Conduct occurred during 2024–2025

## Applicable U.S. Code Sections

**42 U.S.C. § 1983** – Supervisory liability under color of law

**42 U.S.C. § 1985(3)** – Conspiracy with subordinate officers

**42 U.S.C. § 1986** – Failure to intervene or prevent misconduct

**42 U.S.C. § 2000d Title VI** – Discriminatory supervision in federally funded policing

## Title 18 U.S.C. §§ 241 & 242

Alleged Conduct:

Supervised or participated in enforcement actions; failed to intervene; participated in alleged coordinated conduct; Fostoria, Ohio, 2024–2026.

## 9. CHIEF OF POLICE GABRIEL WEDGE

Position: Chief of Police, City of Fostoria

213 SOUTH MAIN STREET

FOSTORIA OHIO 44830

**Jurisdiction Basis**

Jurisdiction exists because Wedge supervises law enforcement operations funded by public funds and exercises authority over officers involved in Plaintiff's case.

**Facts and Dates**

- Received cease-and-desist notices from Plaintiff in 2025
- Failed to intervene or correct officer conduct
- Stated to Plaintiff that officers only have verbal oaths of office
- Allowed continued contact and enforcement actions against Plaintiff

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Failure to supervise and intervene

**42 U.S.C. § 1985(3)** – Knowledge of and participation in coordinated conduct

**42 U.S.C. § 1986** – Failure to prevent known violations

**42 U.S.C. § 2000d Title VI** – Discrimination within federally funded police department

**Title 18 U.S.C. §§ 241 & 242**

Alleged Conduct:

Failed to stop alleged misconduct by officers; denied existence of written oaths; ignored cease-and-desist notice; allowed continued enforcement; Fostoria Police Department, 2024–2026.

**10. JENNIFER MCCLURE**

Position: Clerk of Courts

TIFFIN–FOSTORIA MUNICIPAL COURT

213 SOUTH MAIN STREET

FOSTORIA OHIO 448030

## Jurisdiction Basis

Jurisdiction exists because McClure acted as a court official responsible for filings, records, and enforcement of court processes.

## Facts and Dates

- Failed to provide requested court records
- Processed filings related to Plaintiff's cases during 2024–2026
- Plaintiff alleges records were withheld or not properly produced

## Applicable U.S. Code Sections

**42 U.S.C. § 1983** – Denial of access to courts and records

**42 U.S.C. § 1985(3)** – Participation in coordinated conduct

**42 U.S.C. § 2000d Title VI** – Discrimination in court administration receiving federal funds

## Title 18 U.S.C. § 242

Alleged Conduct:

Filed or processed court records; failed to respond to filings, notices, and FOIA-related requests; maintained records affecting liberty and property; Tiffin–Fostoria Municipal Court, 2024–2026.

## 11. HEATHER M. Eigel

Position: Clerk of Courts

TIFFIN–FOSTORIA MUNICIPAL COURT

12

213 SOUTH MAIN STREET

FOSTORIA OHIO 44830

**Jurisdiction Basis**

Jurisdiction exists for the same reasons as above, as a court official involved in administration and record handling.

**Facts and Dates**

- Participated in court administration involving Plaintiff's cases
- Failed to provide requested documentation

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Denial of access to courts and records

**42 U.S.C. § 1985(3)** – Participation in coordinated conduct

**42 U.S.C. § 2000d Title VI** – Discrimination in court administration receiving federal funds

**Title 18 U.S.C. § 242**

Alleged Conduct:

Participated in court recordkeeping and processing; failed to act on notices and filings; Tiffin–Fostoria Municipal Court, 2024–2026.

**12. DAVE YOST / LUCAS WARD**

Position: Attorney General of Ohio / Section Chief

30 EAST BROAD STREET,  14TH FLOOR

COLUMBUS OHIO 43215

**Jurisdiction Basis**

Jurisdiction exists because Yost acted through his office to enforce and collect fines and costs arising from Plaintiff's municipal court cases.

**Facts and Dates**

- Initiated or attempted collection actions in 2025–2026
- Acted as a creditor for court-imposed fines and fees
- Plaintiff disputes the validity of the underlying debts

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Enforcement of disputed judgments under color of law

**42 U.S.C. § 1985(3)** – Coordinated enforcement actions

**42 U.S.C. § 2000d Title VI** – Discriminatory debt enforcement through federally connected programs

**Title 18 U.S.C. § 242**

Alleged Conduct:

Attempted collection or enforcement of alleged debts without proof of contract; involvement in enforcement actions tied to municipal court matters; State of Ohio, 2024–2026.

**13. STEVE GIBBS**

Position: Private Landlord

128 WEST COOPERS STREET

MCCOMB OHIO 45858

**Jurisdiction Basis**

Jurisdiction exists because Gibbs acted jointly with probation officers who exercised government authority, affecting Plaintiff's housing and probation status.

**Facts and Dates**

- Used probation officers to serve eviction-related documents during 2025–2026
- Plaintiff alleges coordination with probation officers to pressure and intimidate her

**Applicable U.S. Code Sections**

**42 U.S.C. § 1983** – Joint action with state actors

**42 U.S.C. § 1985(3)** – Conspiracy with government officials

**Title 18 U.S.C. § 241**

Alleged Conduct:

Coordinated with probation officers to serve eviction papers; participated in alleged joint actions to remove Plaintiff from housing; Fostoria, Ohio, 2025–2026.

**14. MARA LEA KIMES AKA MARA LEA FOX**

Position: Assignment Commissioner In Madison County Court of Common Pleas

1 NORTH MAIN STREET

PO BOX 527

LONDON OHIO 43140

## Jurisdiction Basis

Jurisdiction exists because Fox signed or processed documents affecting Plaintiff's court cases within a publicly funded court system.

## Facts and Dates

- Signed or appeared on documents related to Plaintiff's cases
- Plaintiff does not know the basis or authority for her involvement
- Conduct occurred during 2025

## Applicable U.S. Code Sections

**42 U.S.C. § 1983** – Administrative actions under color of law

**42 U.S.C. § 1985(3)** – Participation in coordinated conduct

**42 U.S.C. § 2000d Title VI** – Discrimination in court administration

## Title 18 U.S.C. § 242

Alleged Conduct:

Signed or authorized case assignments without clear authority; involvement in case processing; Ohio, dates unknown.

## NOTICE REGARDING OATHS OF OFFICE AND ALLEGIANCE

Plaintiff further gives notice that she has not been provided with proof of a valid oath of office or oath of allegiance for the judge, the prosecutor, or the involved law enforcement officers, despite written requests and public records inquiries. No properly executed, sworn, and verifiable oaths have been produced to Plaintiff to date.

Plaintiff submits this notice to document the absence of such records in response to her requests and to preserve the issue for the record.

**NOTICE OF ALLEGED UNDISCLOSED FINANCIAL INSTRUMENTS AND LACK OF CONSENT**

Plaintiff alleges that the traffic-related case numbers associated with this matter were used by Defendants in connection with undisclosed financial instruments or bond-related activity without Plaintiff's knowledge or consent. Plaintiff further alleges that Defendants treated or referenced these cases in a manner consistent with bid, performance, payment, or continuation bond processes, including references to Standard Forms SF-24, SF-25, SF-25A, and related documentation.

Plaintiff alleges that no disclosure was made to Plaintiff regarding any such financial activity, no consent was obtained, and no explanation was provided despite Plaintiff's inquiries. Plaintiff further alleges that she possesses documentary and circumstantial evidence supporting these claims and reserves the right to submit such evidence if permitted by the Court or requested by appropriate authorities.

Plaintiff submits this allegation to preserve the record and to request transparency regarding any financial instruments, accounts, or processes connected to Plaintiff's cases.

**NOTICE OF IMPROPER PROSECUTORIAL ACTION AND LACK OF JUDICIAL ORDER**

Plaintiff gives notice that the prosecutor has acted as the responding and enforcing party in these court proceedings by issuing denials of Plaintiff's motions and attempting to advance enforcement actions, including probation revocation, without a signed judicial order or ruling. Plaintiff has not received any response bearing the signature of a judge.

Plaintiff further states that the prosecutor has attempted to enforce a probation revocation based on allegations made by Probation Officer Erika L. Mackling, which Plaintiff asserts are false. These actions occurred after Plaintiff filed motions and spoke

17

on matters related to her federally protected rights, including rights secured by the Constitution and laws of the United States.

Plaintiff submits this notice to document that enforcement efforts and denials have proceeded without judicial signature or court order, and to preserve the record regarding the sequence of events and the parties involved.

## SUPPLEMENTAL FACTUAL ALLEGATION AND REQUEST FOR EXPEDITED HEARING

On January 14th, 2026, Probation Officer Erica L. Mackling executed and submitted an affidavit to the **Tiffin–Fostoria Municipal Court,** Fostoria, Ohio, seeking to **revoke my probation.** The affidavit contained **false statements**, including allegations that I failed to comply with probation conditions. Based on this affidavit, the court is now threatening to impose ninety **(90) days of incarceration** at the **Seneca County Jail**, located in **Tiffin, Ohio**. As a direct result of this action, I am facing **immediate** and **irreparable** harm, including the imminent loss of: My **home**, All **personal belongings**, My **vehicle**, My **employment**, My **emotional support animals**.

The threat of incarceration and probation revocation is ongoing and imminent. The affidavit submitted on January 14th, 2026, is being used to justify these consequences despite my compliance and presence, and despite available evidence contradicting the statements made against me. I respectfully request that the Court **take these circumstances into consideration** and grant a **prompt and expedited hearing**, as the consequences of delay will result in permanent harm to my housing, livelihood, and personal property. These events demonstrate a continuing pattern in which multiple public servants involved in this matter have acted as though they are **above accountability**, disregarding the protections afforded to individuals, and proceeding in a manner that places my liberty, property, and safety at immediate risk.

18

## NOTICE OF DEFECTIVE RESPONSE AND LACK OF JUDICIAL SIGNATURE

Plaintiff gives notice that the response received from the **Tiffin–Fostoria Municipal Court** regarding Plaintiff's filing and request to re-submit a signature was not signed by a judge. The document bears only the signature of the prosecutor and contains no judicial signature, order, or ruling from Judge Rhonda Lynn Best or any other judicial officer.

- Plaintiff was not provided with a signed judicial entry, order, or determination. As such.
- Plaintiff has received no valid court ruling or lawful response from the Court regarding the filing at issue.
- Plaintiff submits this notice to preserve the record and to document the absence of a judicial act or ruling.

## NOTICE REGARDING EXHIBITS

Plaintiff gives notice that she possesses and will rely upon documentary, audio, and electronic evidence supporting the factual statements set forth in this filing. These materials include, but are not limited to, sworn affidavits, court filings, notices, correspondence, audio recordings, video footage, photographs, probation documents, eviction-related materials, public records requests and responses, and records demonstrating dates, locations, and the conduct of the named Defendants.

Plaintiff reserves the right to supplement, amend, and formally submit exhibits as the record develops or as directed by the Court.

## CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated above, Plaintiff respectfully submits that the actions described in this Complaint have caused and continue to cause substantial harm. The conduct of the Defendants has resulted in ongoing threats to Plaintiff's liberty, housing, employment, property, and personal well-being.

19

Plaintiff brings this action in good faith and seeks full and fair consideration of the facts presented. Plaintiff respectfully requests that the Court grant all relief requested herein, including but not limited to declaratory relief, injunctive relief, monetary damages, expungement of records, and any other relief the Court deems just and proper.

Plaintiff further requests prompt judicial review due to the ongoing and imminent nature of the harm described.

Respectfully submitted,

*Rebecca-Ann: Cook*

**Rebecca-Ann: Cook**

Plaintiff, Pro Se

All rights reserved
602 South Main Street
Fostoria, Ohio 44830

419-740-4517

Rebeccacook479@gmain.com

**Date:** January 29th, 2026