FILED TIFFIN-FOSTORIA
MUNICIPAL COURT
OHIO

2026 JAN 27 P 4: 10

EXHIBIT #3A

IN THE TIFFIN-FOSTORIA MUNICIPAL COURT
FOSTORIA, OHIO

State of Ohio,
    Plaintiff,

CASE NO. TRD 2400341, TRD 2403704AB
TRD 2402451 amd TRD 2403040

OBJECTION TO MOTIONS

-vs-

Rebecca Ann Cook,
    DEFENDANT.

JUDGE RHONDA BEST

    Now comes the State of Ohio to Object to defendant's motions filed on or about January 12 and 20th, 2026. The defendant's motions are lacking in a correct factual argument or legal argument in conformity with the case.

    Wherefore, the State respectfully requests this Court to deny defendant's motions and would request a hearing for same.

Respectfully submitted,

_[signature]_
Barbara Dibble #0063850
Assistant Fostoria City Prosecutor
213 S. Main St.
Fostoria, Ohio 44830
419-436-1375
prosecutors@fostoriaohio.gov

Proof of Service
I hereby certify that a copy of the Motion to Dismiss was served by email to Rebecca Cook, and regular U.S. mail this 27th day of January, 2026, postage prepaid, 606 S. Main St., Fostoria, OH 44830, (rebecca1980cook@gmail.com).

_[signature]_
Barbara Dibble

    The above captioned cases are misdemeanor traffic offenses filed in the Fostoria location of the Tiffin Fostoria Municipal Court. The territory of the Tiffin Fostoria Municipal Court includes all of the City of Fostoria. The Court's' Jurisdiction being designated in Chapter 1901 of the Ohio Revised Code. Defendant's arguments regarding jurisdiction not being proper are incorrect. Her argument that judgments ordered by the

Court are void, would also be incorrect. Judgments are not void if the court had jurisdiction.

The arguments presented by the defendant apply in commercial cases, federal case, cases where the defendant's entered pleas to offenses without being advised of their rights and or being denied legal representation. In this case the defendant was provided with her rights in each of the cases. She was provided a court appointed attorney in the only case with a jailable offense, whose representation she declined during the trial of that matter. Trials were heard in all cases by the Court and the defendant was convicted of the offenses after having an opportunity to cross-examine all witnesses and evidence. She was not denied her rights.

As to the defendant's withdrawal of her signature on any paperwork with the Court or its probation office, the State would indicate that the terms of probation are provided for her benefit and as a promise by her to comply with those terms in lieu of fulfilling her criminal penalty in jail. The State would request that if Rebecca Ann Cook does not want to fulfill her obligations of probation that the suspended sentence be imposed and probation terminated.

Respectfully submitted,

Barbara Dibble