# IN THE TIFFIN–FOSTORIA MUNICIPAL COURT, HANCOCK, SENECA, WOOD COUNTIES, OHIO

EXHIBIT #8

**SENECA COUNTY, OHIO**

| | |
|---|---|
| State of Ohio (Fos) | **Case Nos.** TRD 240341 |
| Plaintiff, | TRD 2403704A |
| V. | TRD 2403704B |
| rebecca-ann:cook | TRD 202451 |
| UCC 1-308/All rights reserved without prejudice, | TRD 2403040 |
| Defendant. | |

## CONSOLIDATED VERIFIED MOTION TO VACATE VOID JUDGMENTS, EMERGENCY MOTION TO STAY PROBATION, NOTICE OF NON-AGENCY, ESTOPPEL, AND AFFIDAVIT WITH SUPPORTING LAW

### I. INTRODUCTION AND PRESERVATION OF RIGHTS

NOW COMES the Defendant, **rebecca-ann:cook UCC 1-308/All rights reserved without prejudice**, with special appearance, and respectfully moves this Court for relief from void judgments that are void ab initio for lack of jurisdiction, denial of due process, coercion, failure to prove statutory elements, and estoppel..

This filing is **verified**, jurisdictional in nature, and may be raised **at any time**. Defendant expressly preserves and does not waive any constitutional, statutory, or procedural rights by special appearance or participation under objection.

This Motion is brought pursuant to:

1

- **U.S. Const. amend. V & XIV Due Process**
- **Ohio Const. art. I, §§ 1, 10, 16**
- **Ohio Crim.R. 12(C), 32.1**
- **Ohio Civ.R. 60(B), 60(B)(5)** (as applied to void judgments)
- **Inherent authority of courts to vacate void judgments**

A void judgment may be challenged **at any time.** See State v. Simpkins, 117 Ohio St.3d 420 (2008).

## II. PROCEDURAL HISTORY

1. Defendant was convicted on or about **April 8, 2025**, in the above-captioned cases.

2. Defendant is currently subject to **reporting probation** imposed pursuant to those convictions.

3. No timely direct appeal was filed due to:
   - Severe financial hardship;
   - Coercion and intimidation by threats of incarceration ;
   - Lack of legal knowledge and meaningful access to counsel.

4. Defendant filed affidavits and jurisdictional challenges that were **never r rebutted or ruled upon**, in violation of **Crim.R. 12(F)**.

## III. REVOCATION OF POWER OF ATTORNEY & NOTICE OF NON-AGENCY

Defendant hereby **revokes and terminates** any and all powers of attorney, agency relationships, or representative authority–express or implied–that may

2

have been presumed or exercised by any attorney, prosecutor, probation officer, or officer of the court.

Defendant has **never knowingly, intelligently, or voluntarily consented** to any person acting in a fiduciary or representative capacity on her behalf.

Any presumption of agency or waiver is expressly rebutted and revoked **nunc pro tunc**.

## Legal Authority:

- **Agency requires knowing and voluntary consent**
- **No waiver of constitutional rights may be presumed**

Johnson v. Zerbst, 304 U.S. 458 (1938)

## IV. SUBJECT-MATTER JURISDICTION MUST AFFIRMATIVELY APPEAR

1. Subject-matter jurisdiction is a prerequisite to the Court's authority.

2. Jurisdiction **cannot be presumed**, waived, or supplied by consent.

3. Where jurisdiction does not affirmatively appear on the record, any resulting judgement is **void ab initio**.

4. A void judgement is a legal bully and may be attacked at any time.

## Controlling Law:

- **Ohio Const. art. IV, § 1**
- **R.C. 1901.18** Municipal Court jurisdiction
- State v. Mbodji, 129 Ohio St.3d 325 2011

Subject-matter jurisdiction:

- Cannot be waived
- Cannot be presumed

3

- Must affirmatively appear on the record

A judgement entered without jurisdiction is void, not avoidable.

## V. FAILURE TO PROVE STATUTORY ELEMENTS

1. The State bears the burden of proof every statutory element of each charged offense beyond a reasonable doubt.

2. Failure to prove statutory elements deprives the Court of authority to enter judgement.

3. Judgement entered without **proof** of essential elements are **void and unforceable**.

**Controlling Law:**

- **In re Winship**, 397 U.S. 358 (1970)
- **Crim.R. 29**
- **R.C. 2901.05(A)**

The State must prove **every element** beyond a reasonable doubt.

Failure to do so deprives the Court of authority to enter judgment.

A conviction without proof of statutory elements violates **due process** and is void.

## VI. DENIAL OF DUE PROCESS AND PROCEDURAL RIGHTS

Defendant was denied due process in violation of the Ohio and United States Constitutions, including but not limited to:

- Denial of a meaningful opportunity to challenge jurisdiction;
- Denial of the right to be heard on defenses;

4

- Failure to rule on jurisdictional objections;
- Proceedings conducted under coercion rather than voluntary participation.

## Federal Law:

- **U.S. Const. amend. V & XIV**
- Mathews v. Eldridge, 424 U.S. 319 (1976)

## Ohio Law:

- **Ohio Const. art. I, §§ 10 & 16**
- **Crim.R. 12, 43**

Defendant was denied:

- A meaningful opportunity to challenge jurisdiction;
- The right to be heard;
- The right to have motions ruled upon;
- Fair and impartial proceedings.

Failure to rule on jurisdictional challenges violates **Crim.R. 12(F)** and due process.

## VII. COERCION, INTIMIDATION & INVOLUNTARY PARTICIPATION

1. Defendant was **threatened with incarceration** if she did not comply with proceedings and probation.

2. Participation was compelled under fear and duress.

3. Any alleged waiver of rights was not **knowing, intelligent, or voluntary**.

4. Judgments obtained through coercion violate due process and are void.

## Controlling Law:

- Brady v. United States, 397 U.S. 742 (1970)

5

- Machibroda v. United States, 368 U.S. 487 (1962)

Threats of incarceration rendered participation **involuntary**.

Any alleged waiver of rights was invalid as a matter of law.

## VIII. ESTOPPEL BARS ENFORCEMENT

1. Defendant placed the Court and State on notice through sworn affidavits challenging jurisdiction and authority.

2. The Court and State failed to rebut, respond, or rule.

3. Continued enforcement despite silence constitutes:

   - **Estoppel by silence**
   - **Estoppel by acquiescence**
   - **Judicial and equitable estoppel**

4. The State and Court are estopped from enforcing judgments obtained through coercion, intimidation, or unverified authority.

**Elements satisfied:**

1. Defendant filed sworn affidavits;

2. State and Court had a duty to respond;

3. Silence and inaction followed;

4. Enforcement nevertheless continued;

5. Defendant relied to her detriment.

## IX. PROBATION IMPOSED UNDER VOID JUDGMENTS IS UNENFORCEABLE

1. Probation derives authority solely from a valid judgment.

6

2. Where the underlying judgment is void, **probation conditions are void**.

3. Enforcement of void probation constitutes unlawful restraint.

**Authority:**

- **R.C. 2929.25**
- State v. Billiter, 134 Ohio St.3d 103 (2012)
- Probation is derivative of a valid judgement.

Where judgement is void, probation is void and **unenforceable**.

## X. COURT LACKS AUTHORITY TO INCARCERATE DEFENDANT

Absent valid judgments supported by jurisdiction and due process, the Court lacks authority to:

- Enforce probation;
- Impose sanctions;
- Order incarceration.

Any threat of jail under void judgments constitutes irreparable harm.

**Controlling Law:**

- **R.C. 2929.15**
- **R.C. 2967.01**
- Ex parte Siebold, 100 U.S. 371 (1879)

Absent a valid judgement, incarceration constitutes **unlawful restraint** and violates due process.

## XI. FAILURE TO ADDRESS AFFIDAVITS & VERIFY AUTHORITY

1. Defendant filed affidavits challenging:

7

- Jurisdiction;
- Authority of the Court and prosecutor;
- Validity of proceedings.

2. These affidavits were **never rebutted or ruled upon**.

3. The record does not affirmatively verify lawful authority, including required oaths, bonds, or licenses.

## Legal Authority:

- **Crim.R. 12(F)**
- **Due Process Clause**
- State v. Dawson, 40 Ohio App.3d 69 (1988)
- Lawful capacity of officers;
- Validity of proceedings.

## XII. EMERGENCY MOTION TO STAY PROBATION

Defendant respectfully requests an **immediate stay of all probation and enforcement actions** pending resolution of this Motion.

Continued threats of incarceration constitute **irreparable harm** and violate due process where judgments are void

## Authority:

- **Civ.R. 62**
- **Inherent authority of the Court**
- **Due Process Clauses**

Continued probation under void judgements constitutes **irreparable harm**.

8

## XIII. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

A. **Vacate all judgments** in Case Nos.TRD 240341, TRD 2403704A-B, TRD 2402451, TRD 2403040

B. **Immediate stay and termination of probation**;

C. **Dismiss the charges** or, in the alternative; order new hearings consistent with due process;

D. Any further relief this Court deems just and proper.

## XIV. VERIFICATION & AFFIDAVIT

**STATE OF OHIO**

   **ss:**

**COUNTY OF SENECA**

I, **rebecca-ann:cook UCC 1-308/All rights reserved without prejudice**, being duly sworn, state:

- I was convicted on April 8, 2025, in the above cases.
- I was threatened with incarceration if I did not comply.
- I was intimidated and coerced into participation.
- I did not knowingly, intelligently, or voluntarily waive any rights.
- I was not afforded a meaningful opportunity to challenge jurisdiction.

- I lacked funds and legal knowledge to appeal.
- I am currently on reporting probation.
- I relied on threats and representations to my detriment.
- The judgments entered against me are void and unconstitutional.
- My affidavits were never rebutted or ruled on.
- The Court and prosecutor did not demonstrate lawful authority.
- Threats of incarceration caused fear and coercion.

I declare under penalty of perjury that the foregoing is true and correct.

_____

**rebecca-ann:cook**

UCC 1-308/All rights reserved without prejudice

01/12/2026


Sworn to and subscribed before me this ____ day

of ____, 26

Notary Public: _____