**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Rebecca Ann Cook, | : | |
| | : | |
| Plaintiff, | : | CASE NO: 3:26-CV-00266 |
| | : | |
| vs. | : | JUDGE KNEPP |
| | : | |
| Rhonda Lynn Best, et al., | : | |
| | : | |
| Defendants. | : | |

**MOTION TO STRIKE PLAITIFF'S AMENDED COMPLAINT**

Defendants Rhonda Best, Jennifer McClure, Wilson Alexander Smith, Erika Mackling, Patrick Del Turco, Heather Eidenour, and Mara Fox (collectively "Defendants"), move to strike Plaintiff's Amended Complaint as it is untimely and Plaintiff did not seek leave to amend the Complaint. Furthermore, Plaintiff's Amended Complaint will not survive a motion to dismiss as it fails to plead a plausible claim against Defendants. As such, Plaintiff's Amended Complaint should be stricken. A memorandum in support is attached.

Respectfully Submitted,

/s/ *Chloe Schelhaas*
D. Patrick Kasson (0055570)
Chloe Schelhaas (0105919)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: 614-232-2424 | Fax: 614-232-2410
pkasson@reminger.com
cschelhaas@reminger.com
*Counsel for Defendants Rhonda Best, Jennifer McClure, Wilson Alexander Smith, Erika Mackling, Patrick Del Turco, Heather Eidenour and Mara Fox*

1

**MEMORANDUM IN SUPPORT**

Plaintiff filed an Amended Complaint on April 17, 2026, to add a new party. But Plaintiff did not seek leave of court or obtain consent from the Defendants to amend the pleading. Plaintiff is beyond the 21-day timeframe under the Federal Rules of Civil Procedure to amend her Complaint and must seek leave—she did not. Regardless, Plaintiff's Amended Complaint does not meet the threshold pleadings standards necessary and would not withstand a motion to dismiss. As such, Plaintiff's Amended Complaint is futile and should be stricken.

## I.    PROCEDURAL HISTORY

On February 2, 2026, Plaintiff filed a Complaint against Defendants, who are involved in her underlying traffic cases in the Tiffin-Fostoria Municipal Court. (Compl., ECF # 1). On March 10, 2026, Brandon Bell, Barbra Dibble, Timothy Ink, Nicholas Cole Nofts, and Gabriel Wedge moved for dismissal of Plaintiff's claims. (Fostoria Defs.' Mot. to Dismiss, ECF # 7). On March 19, 2026, Defendants filed their answer to Plaintiff's Complaint. (Defs.' Answer, ECF # 9). On March 25, 2026, Lucas Ward and Dave Yost moved for dismissal of Plaintiff's claims. (Mot. to Dismiss, ECF # 11). On April 17, 2027, Plaintiff filed an Amended Complaint to add a party to the case. (Am. Compl., ECF # 20).

## II.   LAW AND ARGUMENT

### A.  Plaintiff Failed to Seek Leave to Amend her Complaint, and Leave Should Not Be Granted as the Complaint is Futile.

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff had 21 days after the service of a responsive pleading or 21 days after service of a motion under Rule 12(b) whichever is earlier to amend her Complaint. Fed. R. Civ. P. 15(a)(1). Plaintiff did not amend her Complaint within the required 21-day timeframe. As such, Plaintiff could only amend her Complaint "with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It is within this Court's

discretion to strike the amended complaint where leave is not sought. Indeed, "a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir.1991). Plaintiff did not seek leave and filed her Amended Complaint. (*See* ECF # 20). As such, the Amended Complaint should not be adopted.

Even if Plaintiff had sought leave, her Amended Complaint is futile. "A proposed amendment is futile if the amendment would not withstand a Rule 12(b)(6) motion to dismiss." *Glenn Kanaga v. Monsanto Co.*, 2024 U.S. Dist. LEXIS 222632, at *4 (N.D. Ohio Dec. 10, 2024). The Amended Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citations omitted). When an amended complaint would not withstand a motion to dismiss, "an amendment may not be allowed." *Sinay,* 1041 (6th Cir.1991).

Like Plaintiff's previous pleadings, Plaintiff fails to plausibly plead a claim for relief and does not allege more than threadbare allegations. (*See* ECF # 20). Adding the additional Defendant and adopting Plaintiff's Amended Complaint would be futile as the claims against Defendants and against the party Plaintiff seeks to add as the claims would not survive a motion to dismiss. (*Id.*); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff's Amended Complaint is futile, Defendants request that this Court strike Plaintiff's Amended Complaint.

## III.    CONCLUSION

Because Plaintiff's amendment was untimely, without leave, and is futile, this Court should strike the Amended Complaint.

Respectfully Submitted,

/s/ *Chloe Schelhaas*
D. Patrick Kasson (0055570)
Chloe Schelhaas (0105919)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: 614-232-2424 | Fax: 614-232-2410
pkasson@reminger.com
cschelhaas@reminger.com
*Counsel for Defendants Rhonda Best, Jennifer McClure, Wilson Alexander Smith, Erika Mackling, Patrick Del Turco, Heather Eidenour and Mara Fox*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing was served by operation of

this Court's electronic filing system this 1st day of May 2026. A copy was also sent via U.S.

Mail to the following:

Rebecca Cook
602 South Main Street
Fostoria, OH 44830
Rebeccacook479@gmail.com
*Pro Se* Plaintiff


/s/ *Chloe Schelhaas*
Chloe Schelhaas (0105919)