**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**REBECCA ANN COOK,**

Plaintiff,

v.

**JUDGE RHONDA LYNN BEST, et al.,**

Defendants.

CASE NO. 3:26 CV 266

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court are numerous motions filed by both *pro se* Plaintiff Rebecca Ann Cook and various Defendants. *See* Docs. 2, 7, 11, 13, 15, 17, 19, 22, 26, 30, 31. The Court grants Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2), but for the reasons set forth below, finds this action subject to dismissal.

## BACKGROUND

Plaintiff brings this suit based on actions arising out of several traffic-related cases brought against her in 2024 and 2025 in the Tiffin-Fostoria Municipal Court. *See* Doc. 1, at 2. Plaintiff was convicted of the charges and put on probation in April 2025. *Id.* She now brings suit against multiple individuals involved in those underlying cases and her subsequent probation: (1) Judge Rhonda Lynn Best; (2) Prosecutor Barbara Dibble; (3) court-appointed counsel Wilson Alexander Smith; (4) Probation Officers Erica L. Mackling and Patrick Del Turco; (5) City of Fostoria Officers Nicholas Cole Noftz and Timothy Ink, Sergeant Brandon Bell, and Chief of Police Gabriel Wedge; (6) Tiffin-Fostoria Municipal Court Clerks of Court

Jennifer McClure and Heather M. Eidenour,[1] (7) Attorney General Dave Yost; (8) Attorney General Section Chief Lucas Ward; (9) Private Landlord Steve Gibbs; and (10) Madison County Court of Common Pleas Assignment Commissioner Mara Fox. *See* Doc. 1.

Plaintiff's Complaint purports to bring claims under 42 U.S.C. §§ 1983, 1985(3), and 1986; 42 U.S.C. § 2000d; and 18 U.S.C. §§ 241 and 242. *See id.*

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple

1. Eidenour was originally named as "Heather Eigel" in the Complaint and Answer. *See* Doc. 1, at 1, 12; Doc. 9, at 1.

recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

Upon review, for the reasons set forth below, the Court finds Plaintiff's Complaint must be dismissed.

Rule 8 Pleading Standard

Several Defendants move to dismiss or for judgment on the pleadings on the grounds that Plaintiff's Complaint does not meet the Rule 8 pleading standard. *See* Docs. 7, 11, 14.

In her Complaint, Plaintiff lists "Facts and Dates" and then "Applicable U.S. Code Sections" for each Defendant. *See* Doc. 1. For each Defendant, this includes some or all of the statutes below. For example Plaintiff cites:

> **42 U.S.C. § 1983** – Deprivation of rights under color of state law
>
> **42 U.S.C. § 1985(3)** – conspiracy to interfere with civil rights
>
> **42 U.S.C. § 1986** – Failure to prevent known civil-rights violations
>
> **42 U.S.C. § 2000d Title VI** – Discrimination in programs receiving federal financial assistance
>
> **Title 18 U.S.C. §§ 241 and 242**

*See, e.g.*, *id.* at 2. The Court addresses these in reverse order.

*18 U.S.C. §§ 241 and 242*

Plaintiff seeks to assert claims against various Defendants under 18 U.S.C. §§ 241 and 242. *See* Doc. 1. She cannot do so. These are criminal statutes that do not provide a private right

of action. *See Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-09 (6th Cir. 2004) (explaining the plaintiff, a private citizen suing under 18 U.S.C. §§ 241, 242, and other statutes, possessed no private right of action against defendants for alleged violations of those statutes and had no authority to initiate a federal criminal prosecution against the defendants for their allegedly unlawful acts); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (same); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution" and "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C. § 1983)").

When no private right of action is available to a plaintiff, she does not state a claim upon which relief can be granted. *Kafele*, 108 F. App'x at 308-09. Plaintiff's claims under 18 U.S.C. §§ 241 and 242 must be dismissed.

*Title VI*

Plaintiff also cites Title VI as the basis for some of her claims. Title VI provides "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. But Plaintiff has not alleged any of Defendants' actions were taken because of her race. *Douglas v. Kazlaukas*, 2011 WL 462971, at *2 (W.D. Ky.) (finding plaintiff failed to state a claim under Title VI where he did not allege the defendant's actions were taken because of his race); *Lee Testing & Eng'g, Inc. v. Ohio Dep't of Transp.*, 855 F. Supp. 2d 722, 728 (S.D. Ohio 2012) (stating the plaintiff failed to allege any actions based on racial discrimination and declining to "infer the *possibility* of race discrimination"). More still, only programs that benefit from federal financial assistance are subject to Title VI's regulations. *Douglas*, 2011 WL 462971, at *3; *see also David K. v.*

*Lane*, 839 F.2d 1265, 1275–76 (7th Cir. 1988). Plaintiff did not allege any Defendants receive federal funding. Accordingly, because Plaintiff does not allege Defendants' actions were taken because of her race or that they received federal funds, her allegations fail to state a claim under Title VI.[2]

*42 U.S.C. §§ 1985 and 1986*

Plaintiff also repeatedly references 42 U.S.C. §§ 1985(3) and § 1986 as the basis for her claims. *See, e.g.*, Doc. 1, at 2 (citing a "[c]onspiracy to interfere with civil rights" and "[f]ailure to prevent known civil rights violations"); *id.* at 3 (citing a "[c]onspiracy to deprive equal protection").

To state a claim under 42 U.S.C. § 1985(3), the plaintiff must plausibly allege "both membership in a protected class and discrimination on account of it." *Ohio ex rel. Moore v. Brahma Inv. Grp., Inc.*, 723 F. App'x 284, 288 (6th Cir. 2018) (quoting *Est. of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010)). The Complaint does not allege Plaintiff was targeted by Defendants because of her membership in a protected class.

Liberally construing the Complaint to assert a conspiracy claim under § 1983, the Court notes "[a] civil conspiracy under § 1983 is 'an agreement between two or more persons to injure another by unlawful action.'" *Marvaso v. Sanchez*, 971 F.3d 599, 606 (6th Cir. 2020) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). To survive a motion to dismiss this claim, the Complaint needs to "allege facts that, when accepted as true, would allow a juror to find that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the

---

2. Indeed, in one of Plaintiff's opposition briefs, she expressly states "[t]his action is not based on discrimination, but solely on violations of federal law and constitutional rights committed under color of law." (Doc. 12, at 1).

conspiracy that caused the injury." *Id.* (citation modified). While a conspiracy may be proved with circumstantial evidence, "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id.* (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011)). Plaintiff's Complaint contains no such specificity, and instead just references the conspiracy statute and other "vague and conclusory allegations unsupported by material facts." *Id.* Accordingly, Plaintiff's conspiracy claim must be dismissed for failure to state a claim upon which relief may be granted.

And because Plaintiff has no viable claim under 42 U.S.C. § 1985 as explained above, her claim under 42 U.S.C. § 1986 must also be dismissed. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and 'having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting 42 U.S.C. § 1986). Because the Complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986. *Id.* at 315; *Bass v. Robinson*, 167 F.3d 1041, 1050 n.5 (6th Cir. 1999). Accordingly, Plaintiff's § 1986 claim must be dismissed for failure to state a claim on which relief may be granted.

*42 U.S.C. § 1983*

To state a successful claim under 42 U.S.C. § 1983, a plaintiff "must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). Plaintiffs need to demonstrate (1) the relevant actor engaged in the conduct at issue while operating under color of state law, (2) the conduct caused a deprivation of constitutional rights,

and (3) the deprivation occurred without due process of law. *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987). Because § 1983 is not itself a source of substantive rights, but only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a § 1983 claim. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Upsher v. Grosse Pointe Pub. Sch. Sys.*, 285 F.3d 448, 452 (6th Cir. 2002).

Below, the Court addresses the arguments presented by each group of Defendants for dismissal of the § 1983 claims.

**Court and Probation Officer Defendants**

Judge Best, McClure, Smith, Mackling, Del Turco, Eidenour, and Fox move for judgment on the pleadings as to the claims against them, arguing Plaintiff has failed to state a § 1983 claim against any of them upon which relief can be granted. (Doc. 14, at 3-4). Best, McClure, Mackling, Del Turco, Eidenour and Fox further assert they are entitled to judicial or quasi-judicial immunity. *Id.* at 6-8. Plaintiff opposed (Doc. 15), and these Defendants replied (Doc. 18).[3]

First, the Court agrees with these Defendants (Doc. 14, at 4) that Plaintiff's allegations against them under § 1983 amount to little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff simply describes actions each Defendant took and then lists statutes, including § 1983. Plaintiff's Complaint does not identify what constitutional right was violated. *Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 870 (6th Cir. 2024) ("To succeed on a § 1983 claim, a plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of

3. Plaintiff filed two more "opposition" briefs after Defendants' reply. *See* Docs. 21, 25. These filings are improper, and the Court will not consider them. *See* Loc. Civ. R. 7.1 (providing for a motion, opposition, and reply).

that right.”). “Because Section 1983 is not itself a source of substantive rights, but only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a Section 1983 claim.” *Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006). Plaintiff does not do so here, instead asserting Defendants, e.g., committed a “deprivation of rights under color of state law,” engaged in “[j]oint action with state actors affecting civil rights,” or “[m]iuse[d] . . . probation authority.” *See* Doc. 1, at 2, 4, 7.[4] Similarly, in opposition, Plaintiff merely argues she “alleged specific facts describing Defendants’ criminal, unlawful, and unconstitutional actions.” (Doc. 15, at 3); *see also id.* at 4. (“Defendants’ conduct, as alleged, violates . . . The Constitution of the United States.”). But the facts Plaintiff asserts as to these Defendants do not plausibly allege a specific constitutional violation.

Second, it is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are afforded this broad protection to ensure the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant was not acting as a judge; or (2) the conduct alleged, although judicial in nature, was taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of

4. Further, Smith – Plaintiff’s public defender or court-appointed counsel – is “not [a] state actor[] against whom claims can be asserted under § 1983.” *West v. Lambert*, 3 F. App’x 440, 441 (6th Cir. 2001) (first citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); then citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); and then citing *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998)).

immunity even if the action at issue was performed in error, done maliciously, or exceeded his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity). Here, there is no suggestion in the Complaint that Judge Best acted in any capacity other than that of a judicial officer when the conduct alleged in the Complaint occurred. *See* Doc. 1, at 2 (alleging Best presided over Plaintiff's traffic related cases, entered convictions and probation orders, and denied or failed to address Plaintiff's filings). Nor is there any suggestion that she acted clearly outside of the subject matter jurisdiction of the court over which she presides. Judge Best is absolutely immune from suit.

Judicial immunity may also be extended to non-judicial officers, like a Clerk of Courts or a court administrator, who perform in a quasi-judicial capacity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The fact that an error was made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees have therefore been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g.*, *id.* (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk); *Bush*, 38 F.3d at 847 (court administrator and referee). Plaintiff does not allege any facts plausibly suggesting McClure, Eidenour, or Fox acted outside the scope of their quasi-judicial immunity flowing from their positions as Clerks of Court and Assignment Commissioner, respectively. *See* Doc. 1, at 11-13, 15-16. These Defendants are also immune from suit.

This quasi-judicial immunity also applies to "a probation officer performing duties to ensure a probationer was complying with the terms of probation." *Loggins v. Franklin Cnty.*, 218 F. App'x 466, 476 (6th Cir. 2007). Plaintiff asserts Mackling supervised her probation, filed a motion to revoke her probation, alleged Plaintiff failed to submit a urine sample, appeared at Plaintiff's residence, and "[p]articipated in actions that Plaintiff alleges contributed to eviction pressure." (Doc. 1, at 5-6). Plaintiff asserts Del Turco participated in her probation supervision, appeared at her residence, and assisted in serving eviction-related documents. *Id.* at 7. As to both Mackling and Del Turco, Plaintiff asserts "[j]urisdiction exists because [they] acted under probation authority" conferred "by the court and state." (Doc. 1, at 5, 6). Thus, Plaintiff alleges only that these probation officers were performing tasks intertwined with the judicial process. As such, they are immune from suit.

**Prosecutor and Officer Defendants**

The Prosecutor (Dibble) and City of Fostoria Police Defendants (Noftz, Ink, Bell, and Wedge) contend Plaintiff's factual assertions against them are insufficient to state a claim under § 1983. (Doc. 7). Plaintiff opposes. (Doc. 8).

In the Complaint, Plaintiff alleges Dibble "[p]rosecuted Plaintiff in traffic-related cases," "[p]roceeded despite Plaintiff's objections to jurisdiction and authority," and "[p]articipated in proceedings resulting in convictions and probation." (Doc. 1, at 3). She then, as she does elsewhere in the Complaint, simply lists statutes, including 42 U.S.C. § 1983. *Id.* The Court agrees this is insufficient to state a claim for relief under § 1983 and grants Dibble's motion to dismiss such a claim.

As to the police Defendants, Plaintiff alleges they "[i]nitiated enforcement actions related to Plaintiff's traffic cases;" "[t]estified against Plaintiff in court proceedings in 2025" (Plaintiff

"alleges [this] testimony was false"); "[p]articipated in arrest and enforcement actions leading to Plaintiff's incarceration" or "leading to prosecution and probation;" "[p]articipated in enforcement and supervision related to Plaintiff's cases;" "testified or was involved in actions leading to Plaintiff's arrest and prosecution;" and "[a]llowed continued contact and enforcement actions against Plaintiff." (Doc. 1, at 7-11). Again, Plaintiff fails to connect these facts to a particular constitutional violation. She references an "unlawful arrest," but provides no factual detail. *See id.* at 8. To the extent Plaintiff alleges the Officers provided false testimony, she does so conclusorily and without any detail. Moreover, the United States Supreme Court has expressly held § 1983 does not authorize a plaintiff to assert a claim for damages against a government official for giving false testimony as a witness at a trial or court hearing. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) (holding a police officer who gave perjured testimony at trial was absolutely immune from money damages suit under § 1983).

The Court again finds Plaintiff's' allegations insufficient to state a claim upon which relief can be granted.

**Attorney General Defendants**

Dave Yost and Lucas Ward ("Attorney General Defendants") move to dismiss, arguing, in part, "the § 1983 actions are not plead with any specificity to understand what actions the Attorney General has taken to warrant a possible violation." (Doc. 11, at 7). Moreover, they point out that, to the extent Plaintiff disputes the validity of the debts from the Municipal Court, the *Rooker-Feldman* doctrine bars such claims.

In her Complaint, Plaintiff brings claims against Ohio Attorney General Dave Yost and Lucas Ward, an Attorney General's Office employee. (Doc. 1, at 14). She asserts "Yost acted through his office to enforce and collect fines and costs arising from Plaintiff's municipal court

cases" and Plaintiff "disputes the validity of the underlying debts." *Id.* She alleges Yost "[a]ttempted collection or enforcement of alleged debts without proof of contract" and was involved "in enforcement actions tied to municipal court matters." *Id.*

First, the Court agrees with the Attorney General Defendants that Plaintiff has failed to connect the cited statutes to the actions of these Defendants or explain how her rights were violated. This alone is sufficient for dismissal. Second, to the extent Plaintiff seeks to challenge a court determination that she owed these underlying debts, any attempt to overturn that determination is barred by the *Rooker-Feldman* doctrine. *See Stephens v. Nat'l City Corp.*, 2021 WL 3027864, at *2 (6th Cir.) ("The *Rooker-Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that 'the state court's action was unconstitutional.'") (quoting *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983)).

For these reasons, the Attorney General Defendants have demonstrated their entitlement to dismissal.

<u>Motion for Default / Claims Against Gibbs</u>

Plaintiff has also filed a Motion for Default and Default Judgment against Gibbs. (Doc. 17). Federal Civil Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although Plaintiff's Motion asserts Gibbs "was properly served with the Summons and Complaint pursuant to Rule 4" and "Proof of Service has been filed with this Court," (Doc. 17, at 1-2), the Court's docket does not reflect any summons issued by the Clerk of Court nor any return of service demonstrating

service on Gibbs being filed. *See* Fed. R. Civ. P. 4(a)-(b). As such, Plaintiff has not established her entitlement to default or a default judgment.

Moreover, private actors are liable under 42 U.S.C. § 1983 only when their activity is fairly attributable to the State. *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing, *inter alia*, *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). The Sixth Circuit uses three tests to determine when a private actor engages in state action: the public function test, the state compulsion test, and the symbiotic relationship or nexus test. *Revis*, 489 F.3d at 289.

Plaintiff states Gibbs "[u]sed probation officers to serve eviction-related documents during 2025-2026" and "alleges coordination with probation officers to pressure and intimidate her." (Doc. 1, at 15). But this alone is not enough to assert state action. Notably, Plaintiff does not challenge the statutory scheme governing evictions. "[I]nvocation of [a] presumptively valid state procedure[] therefore amounts, at most, to the sort of statutory misuse or abuse that . . . does not give rise to state action." *Revis*, 489 F.3d at 291 (citing *Lugar*, 457 U.S. at 941).

Alternative theories also fail to transform Gibbs into a state actor. The nexus test, which focuses on the relationship between the state and private actors, is traditionally the test applied in eviction cases like this one. *See id.* at 289; *Partin v. Davis*, 675 F. App'x 575, 585-86 (6th Cir. 2017). "Under the nexus test, 'the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Lansing*, 202 F.3d at 830 (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). And while the nexus test resists "readily applicable formulae," *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961), a private actor using a public service does not attribute private action to the state,

*Lansing*, 202 F.3d at 831; *see also Luria Bros. & Co., Inc. v. Allen*, 672 F.2d 347, 354 (3d Cir. 1982) (holding a private landlord's use of state eviction procedures did not constitute state action).[5] The Court finds Plaintiff has not alleged facts plausibly suggesting Gibbs is a state actor against whom a § 1983 suit can be brought. Thus, the claims against him fail to state a claim upon which relief may be granted.

Finally, Plaintiff has not adequately alleged a conspiracy between Gibbs and anyone else. A civil conspiracy claim requires "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). But police assistance alone is not enough to show a single plan exists. *Ellison v. Garbarino*, 48 F.3d 192 (6th Cir. 1995). Nor are Plaintiff's vague assertions of "joint action" or "coordination." (Doc. 1, at 15).

The Court therefore finds Plaintiff's claims against Gibbs must be dismissed pursuant to 28 U.S.C. § 1915(e).

<u>Amended Complaints / Motion for Leave to Amend</u>

Since filing her original complaint, Plaintiff has filed (without leave of court) two Amended Complaints (Docs. 20, 29), and a Motion for Leave to File Amended Complaint (Doc. 31).

Federal Civil Rule 15 governs amendment. It provides:

---

5. The Court also finds neither the compulsion test nor the public-function test applicable to the facts here. *See Wolotsky*, 960 F.2d at 1335 ("The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections, or eminent domain.") (citations omitted); *id.* ("The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.").

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). As Defendants pointed out in their Motions to Strike the filings (Docs. 26, 30), Plaintiff did not file her Amended Complaints within the time frame identified in Rule 15(a)(1) and did not obtain written consent or the court's leave under Rule 15(a)(2). Accordingly, both are improperly-filed, and the Court grants Defendants' Motions to Strike (Docs. 26, 30). *See, e.g.*, *McGee v. Suciu*, 2021 WL 2313669, at *9 (S.D. Ohio) ("District courts within the Sixth Circuit routinely strike amended pleadings that are filed without leave of court.") (collecting cases), *report and recommendation adopted*, 2021 WL 4169392.

This leaves Plaintiff's latest Motion for Leave to Amend (Doc. 31), which was filed after the above-discussed Motions to Dismiss and Motions for Judgment on the Pleadings were fully briefed. Therein, Plaintiff seeks to add eleven new Defendants. *Id.* at 1. She seeks to amend her Complaint "to include all individuals, officers, employees, and entities involved in the events of May 28, 2026, and all related municipal court proceedings." (Doc. 31-2, at 2). These claims appear to relate to an arrest of Plaintiff made by City of Findlay police officers on May 28—over three months after she filed the instant suit. *See id.* at 3. She alleges excessive force and an unlawful search. *See id.*

Unrelated claims against different defendants belong in different suits. *Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (holding a district court does not abuse its discretion in denying a motion to amend where the motion to amend "sought to allege new, unrelated claims

against new defendants"); *see also Burfitt v. Erving*, 2018 WL 6313377, at *1 (S.D. Ohio) (denying leave to amend to add unrelated constitutional claims); *Whipple v. Tenn. Bd. of Paroles*, 2018 WL 1387066, at *8 (E.D. Tenn.) ("A court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out of an entirely unrelated set of facts.") (citation modified).

Here, even if indirectly related to the events of the original complaint, there is a clear demarcation between the allegations of the original complaint as brought against fifteen Defendants (which relate to Plaintiff's prosecution and probation supervision from 2024 to January 2026), and the proposed amendment, which brings separate constitutional claims against eleven new Defendants for an arrest and search that occurred in May 2026. Should Plaintiff wish to pursue the claims in her proposed Amended Complaint, the proper way to do so is in a separate case. Plaintiff's Motion for Leave to Amend (Doc. 31) is denied.

<u>Motion for TRO</u>

Plaintiff additionally filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 19). Therein, Plaintiff seeks an order enjoining enforcement of a state-issued warrant for her arrest. *See id.* Several Defendants oppose, arguing the Anti-Injunction Act and the *Rooker-Feldman* doctrine preclude the Court from granting the relief Plaintiff seeks. *See* Docs. 22, 23. The Court agrees with Defendants that the Anti-Injunction Act bars Plaintiff's request. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Moreover, it appears the arrest Plaintiff sought to prevent may have occurred rendering her request moot. *See* Doc. 31-2, at 3; *see also* Tiffin-Fostoria Mun. Ct., No. TRD2403704A.

Plaintiff's Motion (Doc. 19) is denied. Defendants' Motion to Strike this Motion (Doc. 22) is therefore denied as moot.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is GRANTED;

FURTHER ORDERED that Defendants' Motions to Dismiss (Docs. 7, 11), and Motion for Judgment on the Pleadings (Doc. 14) be, and the same hereby are, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion to Deny Defendants' Motion for Judgment on the Pleadings (Doc. 15), be and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Request for Entry of Default and Motion for Default Judgment (Doc. 17) be, and the same hereby is DENIED; and it is

FURTHER ORDERED that Plaintiff's claims against Defendant Gibbs be, and the same hereby are DISMISSED pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER ORDERED that Plaintiff's Motion for a Temporary Restraining Order (Doc. 19), be and the same hereby is, DENIED; and it is

FURTHER ORDERED that Defendants' Motion to Strike (Doc. 22), be and the same hereby is DENIED as moot; and it is

FURTHER ORDERED that Defendants' Motions to Strike Plaintiff's Amended Complaints (Docs. 26, 30) be, and the same hereby are GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 31) be, and the same hereby is, DENIED; and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2026